THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Brandon Cook,<br><br>                              Plaintiff,<br>v.<br><br>Frank Bisignano,<br>Commissioner of Social Security,<br><br>                              Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>Case No. 2:24-cv-898-DBP<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff's Counsel moves the court for authorization of attorney fees based on 42 U.S.C. §406(b) in the amount of $17,252.[1] This amount "represents 25% of the past-due Social Security disability benefits awarded to Plaintiff, minus the $9,2000 that may be paid to his attorney at the administrative level."[2] Plaintiff's Counsel filed the motion on March 18, 2026 and Defendant filed a response on April 3, 2026. Defendant takes no position on Plaintiff's Counsel's request noting it is up to the court to determine what a reasonable fee is.[3] In the Motion, Plaintiff's Counsel provides that Plaintiff objects to the requested fee, but Plaintiff has filed no response and the time to do so has passed.

Attorney fees under 42 U.S.C. §406(b) are awarded from the claimant's past-due benefits, they must be reasonable, and are capped at 25 percent of the total of the past-due benefits.[4] The Supreme Court has specified that § 406(b) "calls for court review of [fee] arrangements as an independent check, to assure that they yield reasonable results in particular

---

[1] Petition and Memorandum for 406(b) Fees, ECF No. 20.

[2] *Id.* at 2.

[3] Defendant's Response to Plaintiff's Petition for Attorney's Fees Under 42 U.S.C. § 406(B), ECF No. 22.

[4] 42 U.S.C. §406(b).

cases," and to guard against windfalls for lawyers.[5] A § 406(b) determination "must begin with the contingent fee", then other items may be considered such as a "statement of the lawyer's normal hourly billing charge for noncontingent-fee cases" or considerations relevant to the lodestar.[6]

There is no bright-line standard for exactly what amount is a reasonable fee. There is, however, some guidance from other courts in this jurisdiction.[7] This includes a decision from this court finding the hourly rate of $862.88 on the high-end of what is reasonable, and other decisions reducing the sought-after hourly rate to prevent a windfall.[8] In considering a reasonable fee, the court first looks to the contingent-fee agreement testing it for reasonableness.[9] "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is … in order."[10]

Here, Plaintiff's Counsel seeks $17,252 in accordance with the fee agreement with Plaintiff. The "requested fee results in a rate of $773.69 per hour."[11] In support, Plaintiff's counsel points to her experience in working in this area at both the administrative and Federal Court level, and asserts the fees are reasonable in consideration of the risk factor of the

---

[5] *Gisbrechtt v. Barnhart,* 535 U.S. 789, 807-08 (2002).

[6] *Russell v. Astrue*, 509 F. App'x 695, 697, 2013 WL 363478, at *2 (10th Cir. 2013).

[7] *See Gulbransen v. Colvin*, 2015 WL 1896559, at *2 (D. Utah Apr. 27, 2015) (granting fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable"); *Russell v. Astrue*, 509 F. App'x 695, 696 (10th Cir. 2013) (finding that the district court did not abuse its discretion when reducing a contingency-fee award because the total requested fee would amount to $611.53 per hour); *Gordon v. Astrue*, 361 F. App'x 933, 936 (10th Cir. 2010) (finding the district court did not abuse its discretion by reducing a contingency-fee award because it would have resulted in a high hourly rate, and instead entering an hourly rate of $300); *Scherffius v. Astrue*, 296 F. App'x 616, 620 (10th Cir. 2008) (finding that the district court did not abuse its discretion when determining that the "effective $442 hourly rate would be a windfall for obtaining a voluntarily remand in a substantively easy and routine case").

[8] *See* fn. 7 *supra*.

[9] *See Gisbrechtt*, 535 U.S. at 808.

[10] *Id.*.

[11] Motion at 4.

contingent relationship. Plaintiff's Counsel also cites to a decision from the Southern District of New York where an hourly rate of $705 was found reasonable[12] and a decision from the Central District of California where an hourly rate of $550 was found reasonable after being reduced from a request of $933 per hour.[13]

Candidly the court agrees with the observation by the Central District of California in Plaintiff's Counsel's cited authority. A "survey of … cases [applying §406(b) fee requests] reveals considerable divergence and scant evidence of any 'uniform rule of law.'" Although this presents challenges, perhaps divergence is proper in this area based on the general proposition that "every citizen has a right freely to contract for the price of his labor, services, or property."[14] In any event, the request here is compliant with § 406(b)'s limit of 25% of past-due benefits and the contingent-fee agreement is reasonable based on it being tied to 406(b)'s limits. Plaintiff's Counsel provides she expended 25 hours on this case before the court. Certainly, Plaintiff's Counsel's request is on the higher end of those considered by this court. However, the court finds Plaintiff's Counsel's request reasonable based upon the work in this matter, and in comparison, to other cases as set forth above. Further, the court finds no basis on which to find the fee request unreasonable.[15]

---

[12] *Blizzard v. Astrue*, 496 F.Supp. 2d 320, 325 (S.D.N.Y. 2007).

[13] *Ellick v. Barnhart*, 445 F.Supp. 2d 1166 (C.D. Cal. 2006),

[14] *Chicago, B. & Q.R. Co. v. McGuire*, 219 U.S. 549, 567, 31 S. Ct. 259, 262, 55 L. Ed. 328 (1911). The court notes that the "freedom of contract" is a qualified, and not absolute right. *See id.*

[15] *See Gulbransen*, 2015 WL 1896559, at *2 (finding no basis to find a fee request at the hourly rate of $862.88 unreasonable).

CONCLUSION

For the reasons discussed herein, the court finds the requested fee reasonable under the contingency fee agreement. The court authorizes Plaintiff's Counsel to receive $17,252, which represents 25 percent of Plaintiff's past due benefits. Because EAJA fees in the amount of $6,000 were awarded previously, those must be refunded to Plaintiff.

It is therefore ORDERED that Plaintiff's Motion is GRANTED.

DATED this 4 May 2026.

Dustin B. Pead
United States Magistrate Judge

4